# Porter, Appellant, *v.* Shields.

*Constitutional law—Delegation of municipal functions to special commission—County officers—Side path commissioners—Act of April 11, 1899, P. L. 36.*

The Act of April 11, 1899, P. L. 36, entitled " An act providing for the construction and maintenance of side paths along the highways in the townships of the commonwealth for the use of bicycles and pedestrians; providing for the appointment of side path commissioners, prescribing their duties, and the duties of the assessors in the assessment of bicycles; providing for levying, collecting and disbursement of a tax on bicycles," is unconstitutional, as it trangresses the prohibition in article 3, section 20, of the constitution against the delegation to a special commission of the " power to make or interfere with any municipal improvement . . . . or to perform any municipal function whatever."

· If the intent of the Act of April 11, 1899, P. L. 36, was not to create special commissions, but to provide for officers with powers not now possessed by townships, then the act is open to the constitutional objection that the side path commissioners are county officers, and as such cannot be appointed by the court of quarter sessions as provided by the act, but must be elected at the general election.

Argued May 1, 1901. Appeal, No. 148, Jan. T., 1901, by plaintiffs, from order of C. P. Erie Co., May T., 1901, No. 68, refusing petition for mandamus in case of C. B. Porter, C. S. Coleman and E. G. Palmer, Side Path Commissioners of Erie County, v. W. C. Shields, G. W. Fassett and D. C. Kendig, County Commissioners of Erie County. Before McCol-LUM, C. J., MITCHELL, BROWN and POTTER, JJ. Affirmed.

Petition for mandamus.

From the record it appeared that the relators are the duly appointed side path commissioners of Erie county, that the defendants are the county commissioners of Erie county, that the relators had recommended to the county commissioners the levy of a tax of fifty cents on each bicycle, and that the defendants had refused to make such levy. The return of the county commissioners averred that the Act of April 11, 1899, P. L. 36, under which the relators were appointed was unconstitutional. The relators demurred to the return. The court in an opinion by WALLING, P. J., overruled the demurrer and refused the petition for mandamus.

*Error assigned* was the order of the court.

*Albert B. Osborne*, for appellant.—Townships have authority to build roads and highways. But such a path as is contemplated by this act is neither : Respublica v. Arnold, 3 Yeates, 422.

The duty or the power to build side paths not being devolved upon townships, their construction is not a municipal function of a township, and the act bestowing such a function elsewhere does not, therefore, offend against the constitution.

Giving " side path " the technical meaning to which it is entitled, it becomes an improvement beyond the power of the township to make.

If the constitutionality of an act depends on the meaning of a word, any meaning thereof whether technical or popular which will sustain the constitutionality of the statute will be adopted : Com. v. Butler, 99 Pa. 540.

The constitution itself should receive a liberal construction: Com. v. Gilligan, 195 Pa. 513 ; Clark's Est., 195 Pa. 521.

*J. E. Reed*, with him *A. E. Sisson*, for appellee.—The side path commissioners are either a special commission or else they are county officers.   In either event the provisions of the state constitution would defeat the act of 1899 : Taggart v. Com., 102 Pa. 364 ; Com. v. Smith, 9 Pa. Dist. Rep. 350 ; Act of April 11, 1899, P. L. 36 ; Perkins v. Phila., 156 Pa. 554.

OPINION BY MR. JUSTICE MITCHELL, July 17, 1901:

The side paths authorized by the act in question are clearly intended to be parts of the highway.   They are to be constructed and maintained " along the highways of the townships," (sec. 1), and are to be built " along the sides of highways . . . . between the roadway proper and the land abutting thereon " (sec. 6). No power is given by eminent domain or otherwise to widen the highway, but merely to devote a certain part of it to the special use of foot passengers and bicyclers, analogous to that of sidewalks in cities and towns, with the important difference in practical use though not in legal result, that bicycles are to have the right of way.   Being thus part of the highway their construction, maintenance and regulation are properly parts of the municipal function of maintaining the public roads, which in townships is vested in supervisors.   The transfer of any part of their powers and duties in this regard to the side path commissioners is a transgression of the prohibition in article 3, section 20 of the constitution against the delegation to a special commission of the "power to make or interfere with any municipal improvement . . . . or to perform any municipal function whatever."

If the intent of the act, as contended, was not to create special commissions, but to provide for officers with powers not now possessed by townships, then the further objection arises that they are county officers and as such cannot be appointed as directed by the act, but must be elected at the general election.

The act requires that the commissioners shall be resident wheelmen of the county, appointed by the court of quarter sessions of the county, upon the petition of at least twenty-five freeholders, residents of the county. There is to be but one set of commissioners for the county, and their functions extend to all the townships in the county. The tax is on the bicycle owners in the county and it is to be levied by the county commissioners and collected and paid to the county treasurer as county taxes are collected and paid. The conclusion is unavoidable that if the commissioners are not to be regarded as a special commission but as officers with new municipal powers and duties in regard to highways, then they are county officers and the mode of their selection by appointment is prohibited by the constitution.

Both parties to this controversy have expressed regret, and probably with justice, that so desirable an improvement in the public roads should fail. But if there is the general sentiment in its favor, which is claimed, there should be little difficulty in the framing and passage of an act empowering the regular county or township authorities to make the desired changes in the public roads, and providing by assessment, or tolls, or otherwise, for the necessary expense.

Judgment affirmed.